1 | LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
2 | dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
3 | Woodland Hills, California 91367
Telephone:   (818) 347-3333
4 | Facsimile:   (818) 347-4118

5

6 | **UNITED STATES DISTRICT COURT**

7 | **CENTRAL DISTRICT OF CALIFORNIA**

8

9 | A.P. and I.P., by and through their
guardian ad litem Diana Perez, in each
10 | case individually and as successors-in-
interest to Luis Morin, deceased,
11 |

Case No. CV14-01793

12 |                         Plaintiffs,

**COMPLAINT FOR DAMAGES**

13 |

14 |            v.

15 | COUNTY OF RIVERSIDE; and DOES
1-10, inclusive,

16 |

17 |                         Defendants.

18 |

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)
5. Municipal Liability – Ratification (42 U.S.C. § 1983)
6. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)
7. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
8. False Arrest/False Imprisonment
9. Battery (wrongful death)
10. Negligence (wrongful death)
11. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

1
**COMPLAINT FOR DAMAGES**

2     COME NOW, Plaintiffs A.P. and I.P., by and through their guardian ad litem

3 Diana Perez, in each case individually and as successors-in-interest to Luis Morin,

4 deceased, for their Complaint against Defendants County of Riverside and Does 1-

5 10, inclusive, and allege as follows:

6

7
**JURISDICTION AND VENUE**

8     1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331

9 and 1343(a)(3)-(4), because Plaintiffs assert claims arising under the laws of the

10 United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth

11 Amendments of the United States Constitution.  This Court has supplemental

12 jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §

13 1367(a), because those claims are so related to the federal claims that they form part

14 of the same case or controversy under Article III of the United States Constitution.

15     2.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because

16 Defendants reside in this district, and all incidents, events, and occurrences giving

17 rise to this action occurred in this district.

18

19
**INTRODUCTION**

20     3.     This civil rights and state tort action seeks compensatory and punitive

21 damages from Defendants for violating various rights under the United States

22 Constitution and state law in connection with the fatal sheriff's shooting of

23 Plaintiffs' father, Luis Morin ("DECEDENT"), on January 27, 2014.

24

25
**PARTIES**

26     4.     At all relevant times, Decedent Luis Morin was an individual residing

27 in the County of Riverside, California.

28

COMPLAINT FOR DAMAGES

1    5.    Plaintiffs A.P. and I.P. are minor individuals residing in the County of
2    Riverside, California and are natural born children of DECEDENT. A.P. and I.P.
3    are represented by and through their guardian ad litem Diana Perez, who is the
4    natural mother of A.P. and I.P. and not a plaintiff to this action. A.P and I.P. sue
5    both in their individual capacities as the children of DECEDENT and in a
6    representative capacity as successors-in-interest to DECEDENT pursuant to
7    California Code of Civil Procedure § 377.60. A.P and I.P. seek both survival and
8    wrongful death damages under federal and state law.

9    6.    At all relevant times, Defendant COUNTY OF RIVERSIDE
10   ("COUNTY") is and was a municipal corporation existing under the laws of the
11   State of California. COUNTY is a chartered subdivision of the State of California
12   with the capacity to be sued. COUNTY is responsible for the actions, omissions,
13   policies, procedures, practices, and customs of its various agents and agencies,
14   including the Riverside County Sheriff's Department and its agents and employees.
15   At all relevant times, COUNTY was responsible for assuring that the actions,
16   omissions, policies, procedures, practices, and customs of the Riverside County
17   Sheriff's Department and its employees and agents complied with the laws of the
18   United States and of the State of California. At all relevant times, COUNTY was
19   the employer of Defendants DOES 1-10.

20   7.    Defendants DOES 1-5 are sheriff's deputies for the Riverside County
21   Sheriff's Department. DOES 1-5 were acting under color of law within the course
22   and scope of their duties as sheriff's deputies for the Riverside County Sheriff's
23   Department. DOES 1-5 were acting with the complete authority and ratification of
24   their principal, Defendant COUNTY.

25   8.    Defendants DOES 6-8 are supervisory officers for the Riverside
26   County Sheriff's Department who were acting under color of law within the course
27   and scope of their duties as sheriff's deputies for the Riverside County Sheriff's
28

-2-

Department.  DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

9.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the Riverside County Sheriff's Department, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the Riverside County Sheriff's Department.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

10.    On information and belief, DOES 1-10 were residents of the County of Riverside.

11.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-5 were acting on the implied and actual permission and consent of Defendants DOES 6-10.

12.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

13.    The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who otherwise sue these Defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

15.    All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized

-3-

1  agents, servants, and/or employees, all of whom at all relevant times herein were

2  acting within the course, purpose, and scope of said agency, service, and/or

3  employment capacity.  Moreover, Defendants and their agents ratified all of the acts

4  complained of herein.

5          16.    DOES 1-10 are sued in their individual capacity.

6          17.    On May 22, 2014, Plaintiffs filed comprehensive and timely claims for

7  damages with the County of Riverside pursuant to applicable sections of the

8  California Government Code.

9          18.    On May 28, 2014, Plaintiffs filed an amended claim with the County of

10  Riverside pursuant to applicable sections of the California Government Code.

11          19.    On June 10, 2014, the County of Riverside denied said claims.

12

13          **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

14          20.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1

15  through 19 of this Complaint with the same force and effect as if fully set forth

16  herein.

17          21.    On January 27, 2014, Luis Morin ("DECEDENT") was riding home

18  with his mother at approximately 9:45 p.m.  When they reached his mother's home,

19  located in the 48-800 block of Camino Real, DECEDENT exited the vehicle and

20  began walking backwards while looking at his cell phone.  DECEDENT then looked

21  behind him and observed a sheriff's deputy (Defendant "DOE 1") who had just

22  emerged from a hiding place.  DECEDENT ran away from Defendant DOE 1 across

23  his mother's yard.  Defendant DOE 1 tackled DECEDENT to the ground.  The pair

24  landed in DECEDENT's mother's driveway, with Defendant DOE 1 on top of

25  DECEDENT and one of DECEDENT's arms trapped beneath his body.  Defendant

26  DOE 1 then unholstered his gun and shot DECEDENT once in the back at close

27  range.  Prior to shooting DECEDENT, DOE 1 gave no warning that he was going to

28  use deadly force.  At no point did DECEDENT resist arrest, nor was he ever

-4-

COMPLAINT FOR DAMAGES

physically or verbally combative or assaultive.  Several family members, including children, witnessed the shooting. DECEDENT died on the scene approximately thirty minutes after being shot.

22.    After being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendant DOE 1 did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

23.    The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, and DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

24.    Plaintiffs I.P. and A.P. are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to DECEDENT's interest in this action as the biological children of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)

(Against Defendant DOE 1)

25.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.    Defendant DOE 1 detained DECEDENT without reasonable suspicion and arrested him without probable cause.

27.    When Defendant DOE 1 pointed a gun at DECEDENT, shot DECEDENT, and placed him in handcuffs, he violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to

-5-

1 | DECEDENT under the Fourth Amendment to the United States Constitution and
2 | applied to state actors by the Fourteenth Amendment.

3 |     28.    Defendant DOE 1 was acting under color of state law.

4 |     29.    The conduct of Defendant DOE 1 was willful, wanton, malicious, and
5 | done with reckless disregard for the rights and safety of DECEDENT, and therefore
6 | warrants the imposition of exemplary and punitive damages as to Defendant DOE 1.

7 |     30.    Plaintiffs A.P. and I.P. bring this claim individually and as successors-
8 | in-interest to DECEDENT, and seek both survival and wrongful death damages for
9 | the violation of DECEDENT's rights.

10 |     31.    Plaintiffs seek damages for Decedent's pain and suffering and loss of
11 | enjoyment of life.

12 |     32.    Plaintiffs seek attorney fees under this claim. Plaintiffs are also seeking
13 | funeral and burial expenses and loss of financial support.

14

15 |                        **SECOND CLAIM FOR RELIEF**
16 | **Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**
17 |                        (Against Defendant DOE 1)

18 |     33.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1
19 | through 32 of this Complaint with the same force and effect as if fully set forth
20 | herein.

21 |     34.    Defendant DOE 1's unjustified shooting deprived DECEDENT of his
22 | right to be secure in his person against unreasonable searches and seizures as
23 | guaranteed to DECEDENT under the Fourth Amendment to the United States
24 | Constitution and applied to state actors by the Fourteenth Amendment.

25 |     35.    As a result of the foregoing, DECEDENT suffered great physical pain
26 | and emotional distress up to the time of his death, loss of enjoyment of life, loss of
27 | life, and loss of earning capacity.

28

-6-

36.     The shooting was excessive and unreasonable, especially because DECEDENT was unarmed and posed no immediate threat of death or serious bodily injury to Defendant DOE 1 or to anyone else at the time of the shooting.

37.     As a result of the conduct of Defendant DOE 1, DECEDENT died.

38.     Defendant DOE 1 was acting under color of state law.

39.     Defendant DOE 1's shooting and use of force violated his training and standard sheriff's training.

40.     The conduct of Defendant DOE 1 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE 1.

41.     Plaintiffs A.P. and I.P. bring this claim individually and as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

42.     Plaintiffs seek damages for DECEDENT's pain and suffering and loss of enjoyment of life.

43.     Plaintiffs seek attorney fees under this claim. Plaintiffs are also seeking funeral and burial expenses and loss of financial support.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendant DOE 1)

44.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45.     The denial of medical care by Defendant DOE 1 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

47.    Defendant DOE 1 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

48.    Defendant DOE 1 was acting under color of state law.

49.    The conduct of Defendant DOE 1 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE 1.

50.    Plaintiffs I.P. and A.P. bring this claim as successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

51.    Plaintiffs seek damages for DECEDENT's pain and suffering and loss of enjoyment of life.

52.    Plaintiffs seek attorney fees under this claim. Plaintiffs are also seeking funeral and burial expenses and loss of financial support.

## FOURTH CLAIM FOR RELIEF

### Due Process—Interference with Familial Relationship (42 U.S.C. § 1983)

(Against Defendant DOE 1)

53.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54.    Plaintiffs A.P. and I.P. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as

-8-

1 | to shock the conscience, including but not limited to unwarranted state interference
2 | in Plaintiffs' familial relationship with their father, DECEDENT.

3 |      55.    The aforementioned actions of Defendant DOE 1, along with other
4 | undiscovered conduct, shock the conscience, in that they acted with deliberate
5 | indifference to the constitutional rights of DECEDENT and Plaintiffs, and with
6 | purpose to harm unrelated to any legitimate law enforcement objective.

7 |      56.    Specifically, the following conduct of Defendant DOE 1 shocks the
8 | conscience:

9 |          (a)    shooting an unarmed person;

10 |          (b)    shooting a non-dangerous person; and

11 |          (c)    shooting that person when that person did not pose a threat.

12 |      57.    Defendant DOE 1 acted under color of state law.

13 |      58.    Defendant DOE 1 thus violated the substantive due process rights of
14 | Plaintiffs to be free from unwarranted interference with their familial relationship
15 | with DECEDENT.

16 |      59.    As a direct and proximate cause of the acts of Defendant DOE 1,
17 | Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiffs have also
18 | been deprived of the life-long love, companionship, comfort, support, society, care,
19 | and sustenance of DECEDENT, and will continue to be so deprived for the
20 | remainder of their natural lives.

21 |      60.    The conduct of Defendant DOE 1 was willful, wanton, malicious, and
22 | done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs
23 | and therefore warrants the imposition of exemplary and punitive damages as to
24 | Defendants Defendant DOE 1.

25 |      61.    Plaintiffs bring this claim individually and as successors in interest to
26 | DECEDENT, and seek wrongful death and survival damages for the violation of
27 | DECEDENT's rights.

28 |

-9-

COMPLAINT FOR DAMAGES

62.    Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against Defendant COUNTY)

63.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64.    Defendant DOE 1 acted under color of law;

65.    The acts of Defendant DOE 1 deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

66.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendant DOE 1 ratified (or will ratify) Defendant DOE 1 acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendant DOE 1's acts.

67.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendant DOE 1 were "within policy."

68.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

69.    Accordingly, Defendants COUNTY and Defendant DOE 1 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

70.   Plaintiffs bring this claim individually and as successors in interest to DECEDENT, and seek wrongful death and survival damages for the violation of DECEDENT's rights.

71.   Plaintiffs also seek attorney fees under this claim. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendant COUNTY)

72.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 71 of this Complaint with the same force and effect as if fully set forth herein.

73.   Defendant DOE 1acted under color of state law;

74.   The acts of Defendant DOE 1 deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

75.   The training policies of Defendant COUNTY were not adequate to train its deputies to handle the usual and recurring situations with which they must deal.

76.   Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

77.   The failure of Defendant COUNTY to provide adequate training caused the deprivation of the plaintiffs' rights by Defendant DOE 1; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

78.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and

-11-

COMPLAINT FOR DAMAGES

1 | omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,
2 | and death.

3 |     79.    Accordingly, Defendant COUNTY is liable to Plaintiffs for
4 | compensatory damages under 42 U.S.C. § 1983.

5 |     80.    Plaintiffs seek both survival and wrongful death damages under this
6 | claim.

7 |     81.    Plaintiffs also seek attorney fees under this claim. Plaintiffs are also
8 | claiming funeral and burial expenses.

9

10 | **SEVENTH CLAIM FOR RELIEF**

11 | **Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

12 | (Against Defendant COUNTY)

13 |     82.    Plaintiffs repeat and reallege each and every allegation in paragraphs 1
14 | through 81 of this Complaint with the same force and effect as if fully set forth
15 | herein.

16 |     83.    Defendant DOE 1 acted under color of state law;

17 |     84.    Defendant DOE 1 acted pursuant to an expressly adopted official
18 | policy or a longstanding practice or custom of the Defendant COUNTY.

19 |     85.    On information and belief, Defendant DOE 1 was not disciplined,
20 | reprimanded, retrained, suspended, or otherwise penalized in connection with
21 | Decedent's death.

22 |     86.    Defendants COUNTY and Defendant DOE 1, together with other
23 | COUNTY policymakers and supervisors, maintained, inter alia, the following
24 | unconstitutional customs, practices, and policies:

25 |     (a)    Using excessive force, including excessive deadly force;

26 |     (b)    Providing inadequate training regarding the use of deadly force;

27 |     (c)    Employing and retaining as police officers individuals such as

28 |         Defendant DOE 1, who Defendant COUNTY at all times

COMPLAINT FOR DAMAGES

1    material herein knew or reasonably should have known had

2    dangerous propensities for abusing his authority and for using

3    excessive force;

4    (d)    Inadequately supervising, training, controlling, assigning, and

5         disciplining COUNTY deputies, and other personnel, including

6         Defendant DOE 1, who Defendant COUNTY knew or in the

7         exercise of reasonable care should have known had the

8         aforementioned propensities and character traits;

9    (e)    Maintaining grossly inadequate procedures for reporting,

10        supervising, investigating, reviewing, disciplining and

11        controlling misconduct by COUNTY deputy Defendant DOE 1;

12   (f)    Failing to adequately discipline COUNTY sheriff's deputies for

13        the above-referenced categories of misconduct, including "slaps

14        on the wrist," discipline that is so slight as to be out of proportion

15        to the magnitude of the misconduct, and other inadequate

16        discipline that is tantamount to encouraging misconduct;

17   (g)    Announcing that unjustified shootings are "within policy,"

18        including shootings that were later determined in court to be

19        unconstitutional;

20   (h)    Even where shootings are determined in court to be

21        unconstitutional, refusing to discipline, terminate, or retrain the

22        officers involved;

23   (i)    Encouraging, accommodating, or facilitating a "blue code of

24        silence," "blue shield," "blue wall," "blue curtain," "blue veil,"

25        or simply "code of silence," pursuant to which police officers do

26        not report other officers' errors, misconduct, or crimes. Pursuant

27        to this code of silence, if questioned about an incident of

28        misconduct involving another officer, while following the code,

-13-

COMPLAINT FOR DAMAGES

the officer being questioned will claim ignorance of the other officers' wrongdoing.

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

87.     The aforementioned unconstitutional customs, practices, and polices, in addition to the ratification of the deficient customs, practices, and policies, are evidenced by the number of prior cases in which a jury has found force used by a sheriff's deputy working for the Riverside County Sheriff's Department to be excessive and unreasonable. The following cases are only a few examples of continued misconduct by sheriff's deputies working for the Riverside County Sheriff's Department:

(a)     In *Munoz v. County of Riverside*, case number RIC1207941, a jury returned a verdict of $1 million after determining that sheriff's deputies for the Riverside County Sheriff's Department used excessive and unreasonable force when he shot and killed Mr. Munoz.

(b)     In *Howard v. County of Riverside*, case number 12-cv-00700-VAP-OP, a jury returned a verdict of $7.8 million after determining that sheriff's deputies for the Riverside County Sheriff's Department used excessive and unreasonable force in shooting an unarmed man.

(c)     In *Bosch v. County of Riverside*, case number EDCV 13-2352 SVW (FFMx), the County of Riverside settled for $1.5 million with the family of an unarmed man who was killed by a sheriff's deputy working for the Riverside County Sheriff's Department.

(d)     In *Fryer v. County of Riverside*, case number 12-cv-01528-OP, the County of Riverside settled for $750,000 with the family of a man who

-14-

1         was killed by a sheriff's deputy working for the Riverside County

2         Sheriff's Department.

3       88.   By reason of the aforementioned acts and omissions, Plaintiffs have

4 suffered loss of the love, companionship, affection, comfort, care, society, training,

5 guidance, and past and future support of DECEDENT. The aforementioned acts and

6 omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life,

7 and death.

8       89.   Defendants COUNTY and Defendant DOE 1, together with various

9 other officials, whether named or unnamed, had either actual or constructive

10 knowledge of the deficient policies, practices and customs alleged in the paragraphs

11 above. Despite having knowledge as stated above, these defendants condoned,

12 tolerated and through actions and inactions thereby ratified such policies. Said

13 defendants also acted with deliberate indifference to the foreseeable effects and

14 consequences of these policies with respect to the constitutional rights of

15 DECEDENT, Plaintiffs, and other individuals similarly situated.

16       90.   By perpetrating, sanctioning, tolerating and ratifying the outrageous

17 conduct and other wrongful acts, Defendant DOE 1 acted with intentional, reckless,

18 and callous disregard for the life of DECEDENT and for DECEDENT's and

19 Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs

20 implemented, maintained, and still tolerated by Defendants COUNTY and DOES 1-

21 10 were affirmatively linked to and were a significantly influential force behind the

22 injuries of DECEDENT and Plaintiffs.

23       91.   Accordingly, Defendants COUNTY is liable to Plaintiffs for

24 compensatory damages under 42 U.S.C. § 1983.

25       92.   Plaintiffs bring this claim in each case individually and as successors-

26 in-interest to Decedent, and in each case seek both survival and wrongful death

27 damages under this claim.

28

COMPLAINT FOR DAMAGES

1    93.    Plaintiffs also seek attorney fees under this claim. Plaintiffs are also
2  claiming funeral and burial expenses and a loss of financial support.
3
4                        **SIXTH CLAIM FOR RELIEF**
5                       **False Arrest/False Imprisonment**
6                    (Against Defendant DOE 1 and COUNTY)
7    94.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1
8  through 93 of this Complaint with the same force and effect as if fully set forth
9  herein.
10    95.    Defendant DOE 1, while working as a sheriff's deputy for the
11  Riverside County Sheriff's Department and acting within the course and scope of
12  his duties, intentionally deprived DECEDENT of his freedom of movement by use
13  of force, threats of force, menace, fraud, deceit, and unreasonable duress for an
14  appreciable amount of time. Defendant DOE 1 detained DECEDENT without
15  reasonable suspicion and arrested him without probable cause.
16    96.    DECEDENT did not knowingly or voluntarily consent.
17    97.    The conduct of Defendant DOE 1 was a substantial factor in causing
18  the harm to DECEDENT.
19    98.    Defendant City is vicariously liable for the wrongful acts of Defendants
20  Defendant DOE 1 pursuant to section 815.2(a) of the California Government Code,
21  which provides that a public entity is liable for the injuries caused by its employees
22  within the scope of the employment if the employee's act would subject him or her
23  to liability.
24    99.    The conduct of Defendant DOE 1 was malicious, wanton, oppressive,
25  and accomplished with a conscious disregard for the rights of DECEDENT, entitling
26  Plaintiffs to an award of exemplary and punitive damages.
27    100.    As a result of his misconduct, Defendants Defendant DOE 1 is liable
28  for DECEDENT's injuries.

-16-

COMPLAINT FOR DAMAGES

101.   Plaintiffs bring this claim in each case individually and as a successor in interest to Decedent, and they seek wrongful death damages for the violation of Decedent's rights.

### SEVENTH CLAIM FOR RELIEF

#### Battery

(wrongful death)

(Against Defendants COUNTY and DOE 1)

102.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 101 of this Complaint with the same force and effect as if fully set forth herein.

103.   DOE 1, while working as a sheriff's deputy for the Riverside County Sheriff's Department, and acting within the course and scope of his duties, intentionally shot DECEDENT with a department-issued firearm.  As a result of the actions of DOE 1, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  DOE 1 had no legal justification for using force against DECEDENT, and his use of force while carrying out his duties as a sheriff's deputy was an objectively unreasonable and nonprivileged use of force.

104.   As a direct and proximate result of the conduct of DOE 1 as alleged above, DECEDENT sustained injuries and died from his injuries and also lost his earning capacity.

105.   Also as a direct and proximate result of the conduct of DOE 1 as alleged above, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and loss of financial support.

106.   The COUNTY is vicariously liable for the wrongful acts of Defendant DOES 1 pursuant to section 815.2(a) of the California Government Code, which

COMPLAINT FOR DAMAGES

1    provides that a public entity is liable for the injuries caused by its employees within

2    the scope of the employment if the employee's act would subject him or her to

3    liability.

4         107.   Plaintiffs bring this claim in each case individually and as a successor

5    in interest to DECEDENT, and they seek wrongful death damages for the violation

6    of DECEDENT's rights.

7

8                        **EIGHTH CLAIM FOR RELIEF**

9                               **Negligence**

10                              (wrongful death)

11                  (Against Defendants COUNTY and DOE 1)

12        108.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

13   through 107 of this Complaint with the same force and effect as if fully set forth

14   herein.

15        109.   The actions and inactions of Defendant DOE 1 were negligent and

16   reckless, including but not limited to:

17        (a)    the failure to properly and adequately assess the need to detain,

18               arrest, and use force or deadly force against DECEDENT;

19        (b)    the negligent tactics and handling of the situation with

20               DECEDENT, including pre-shooting negligence;

21        (c)    the negligent detention, arrest, and use of force, including deadly

22               force, against DECEDENT;

23        (d)    the failure to provide prompt medical care to DECEDENT;

24        (e)    the failure to properly train and supervise employees, both

25               professional and non-professional, including DOE DEPUTIES;

26        (f)    the failure to ensure that adequate numbers of employees with

27               appropriate education and training were available to meet the

28               needs of and protect the rights of DECEDENT;

-18-

1    110.   As a direct and proximate result of Defendant DOE 1's conduct as

2  alleged above, and other undiscovered negligent conduct, DECEDENT was caused

3  to suffer severe pain and suffering and ultimately died.  Also as a direct and

4  proximate result of Defendants' conduct as alleged above, Plaintiffs suffered

5  emotional distress and mental anguish.  Plaintiffs also have been deprived of the

6  life-long love, companionship, comfort, support, society, care and sustenance of

7  DECEDENT, and will continue to be so deprived for the remainder of their natural

8  lives.

9    111.   The COUNTY is vicariously liable for the wrongful acts of Defendants

10  DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which

11  provides that a public entity is liable for the injuries caused by its employees within

12  the scope of the employment if the employee's act would subject him or her to

13  liability.

14    112.   Plaintiffs bring this claim in each case individually and as a successor

15  in interest to DECEDENT, and they seek wrongful death damages for the violation

16  of DECEDENT's rights.

17

18                    **NINTH CLAIM FOR RELIEF**

19                 **(Violation of Cal. Civil Code § 52.1)**

20                  (Against Defendants COUNTY and DOE 1)

21    113.   Plaintiffs repeat and reallege each and every allegation in paragraphs 1

22  through 112 of this Complaint with the same force and effect as if fully set forth

23  herein.

24    114.   California Civil Code, Section 52.1 (the Bane Act), prohibits any

25  person from using violent acts or threatening to commit violent acts in retaliation

26  against another person for exercising that person's constitutional rights.

27    115.   On information and belief, Defendant DOE 1, inclusive, while working

28  for the COUNTY, and acting within the course and scope of his duties, intentionally

-19-

COMPLAINT FOR DAMAGES

committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

116.    When Defendant DOE 1 shot DECEDENT and allowed him to lie bleeding on the pavement, he interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

117.    On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

118.    On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendant DOE 1 were intended to discourage him from exercising the above civil rights, to retaliate against him, or invoking such rights, or to prevent them from exercising such rights.

119.    Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

120.    The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

121.    The COUNTY is vicariously liable for the wrongful acts of Defendant DOE 1 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

122.    Defendants DOES 8-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

123.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendant DOE 1.

124.   Plaintiffs seek both wrongful death and survival damages under this claim; Plaintiffs also seek attorney fees under this claim.

COMPLAINT FOR DAMAGES

1
### PRAYER FOR RELIEF

2    WHEREFORE, Plaintiffs request entry of judgment in their favor and against

3  Defendants County of Riverside and Does 1-10, inclusive, as follows:

4       A.   For compensatory damages, including both survival damages and

5            wrongful death damages under federal and state law, in the

6            amount to be proven at trial;

7       B.   For funeral and burial expenses, and loss of financial support;

8       C.   For punitive damages against the individual defendants in an

9            amount to be proven at trial;

10      D.   For interest;

11      E.   For reasonable attorneys' fees, including litigation expenses;

12      F.   For costs of suit; and

13      G.   For such further other relief as the Court may deem just, proper,

14           and appropriate.

15

16  DATED:  August 26. 2014            LAW OFFICES OF DALE K. GALIPO

17

18                                     By
                                          Dale K. Galipo
19                                        Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

-22-

COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs hereby demand a trial by jury.

3

4   DATED:  August 26, 2014                    LAW OFFICES OF DALE K. GALIPO

5

6                                        By_____

7                                           Dale K. Galipo
                                            Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES